IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDA MEIGS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, an Ohio company;<br><br>Defendant. | 8:24CV183<br><br><br>**PROTECTIVE ORDER** |

After conferring with the parties and upon consideration of the parties' joint request for entry of a Protective Order, the Court enters the following Protective Order governing the disclosure of information that is protected by the attorney-client privilege or work product that is produced or disclosed in this matter.

1. The production of attorney-client privileged, or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

2. Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the receiving

party and request that the documents be returned. The receiving party shall return such produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request. The party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

Dated this 26th day of September, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge